FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 15 2026

TAMMY H. DOWNS, CLERK
By: [signature] DEP CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**Central Division**

**CHARLEY LITTLETON** **PLAINTIFF**

**v.** **Case No.** 4:26cv504-KGB

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** **DEFENDANT**

**COMPLAINT FOR DISABILITY BENEFITS UNDER ERISA**

**JURISDICTION AND VENUE**

1. Plaintiff's claims against Defendant are filed pursuant to the provision of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et. seq.* (herein "ERISA").

2. Plaintiff seeks an order that clarifies a plan beneficiary's rights to past and future benefits under the terms of an employee welfare plan. Specifically, the Plaintiff seeks: a) a declaration and enforcement of rights under the long-term disability insurance policies at issue and/or the employee benefit plan (which is an "employee welfare benefit plan" as defined by ERISA), b) a reinstatement of benefits, c) the payment of all back benefits due with prejudgment and post judgment interest, d) the enforcement of rights under the long-term disability insurance policy and/or the employee benefits plan, e) the clarification of rights to future benefits under the long-term disability insurance policy and/or the employee benefits plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3), and f) an award of attorney's fees and costs.

3. Venue and jurisdiction are proper pursuant to 29 U.S.C. § 1132(f). At all times relevant to this claim, the Plaintiff resided in Faulkner County, Arkansas.



This case assigned to District Judge Baker
and to Magistrate Judge Volpe

## PARTIES

4. Plaintiff is a former employee of Crowder Constructors, Inc ("The Employer"). While employed there, and while covered by the Group Long Term Disability Plan for employees of The Employer, Plaintiff became disabled as that term is defined by The Plan.

5. The Group Long Term Disability Plan for employees of Crowder Constructors, Inc. (herein "The Plan") is an employee welfare benefit plan established under ERISA. Defendant is responsible for the actions of each of its fiduciaries and "deemed fiduciaries."

6. The Lincoln National Life Insurance Company ("The Insurance Company") is a for profit insurance corporation, licensed and qualified to do business in Arkansas. The Insurance Company is the claim administrator for The Plan under which the Plaintiff is a participant and a beneficiary. As claim administrator, The Insurance Company had been granted authority by the Plan to administer, approve, and/or deny claims for disability benefits thereunder. The Insurance Company made the decision to terminate Plaintiff's claim for benefits, which said termination is the subject of this lawsuit.

## THE EMPLOYEE WELFARE BENEFIT PLAN

7. At all times relevant, Plaintiff was employed by The Employer, in Arkansas and was a plan participant in The Plan established by The Employer under ERISA.

8. The Employer is the Plan Administrator.

9. The Plan Administrator has delegated claim administration to The Lincoln National Life Insurance Company ("The Insurance Company").

10. The Employer and The Insurance Company are fiduciaries pursuant to 29 U.S.C. § 1133(2) and 29 C.F.R. § 2560.503-1(g) (1999) and/or "deemed fiduciaries" pursuant to 29 U.S.C. § 1002(21)(A) and 29 C.F.R. §2560.503-1(g)(2)(1999).

11. The Insurance Company is responsible for conducting any ERISA mandated claim evaluation and final review rests with The Insurance Company and with no other equity.

12. The Insurance Company, upon information and belief, has made all of the decisions regarding Plaintiff's claim for disability benefits in this case.

## HISTORY OF THE CLAIM

13. Plaintiff worked for The Employer until he became disabled.

14. At all times relevant the Plaintiff has met the Plan's definition of disability.

15. The Plan provides for lost income benefits.

16. Plaintiff timely gave notice of disability, applied for disability benefits under the Plan, and was approved for long term disability benefits beginning 03/26/2023.

17. On August 12, 2024, the Plan issued an "Adverse Benefits Decision" terminating Plaintiff's benefits effective 03/26/2025.

18. The Plan has violated the plain language of the Plan; 29 U.S.C. 1133 (Claims procedure); and 29 U.S.C. 1104 (fiduciary duties).

19. The Plaintiff has exhausted pre-litigation remedies and that process ended by way of a "Final Denial Letter" sent by the Insurance Company on December 30, 2025.

20. The Plaintiff is entitled to long-term disability benefits under the Plan, including past due benefits; future benefits; pre-judgment interest; post-judgment interest and attorney's fees pursuant to ERISA.

21. The Plaintiff is entitled to these benefits because the benefits are permitted under the policy; the Plaintiff has satisfied all conditions precedent to be eligible to receive the benefits and Plaintiff has not waived or otherwise relinquished the entitlement to the benefits.

**RELIEF SOUGHT**

The Plaintiff requests that this Court enter an Order declaring the following:

1. No deference be granted to the decision of the Plan to terminate benefits.

2. That the Plaintiff is entitled to long-term disability benefits under the policy.

3. That the Plaintiff is entitled to payment of past long-term disability benefits and to monthly benefits under The Plan.

4. That the Plaintiff is entitled to payment of pre and post judgment interest.

5. That the Plaintiff is entitled to payment of attorney's fees and costs.

Respectfully submitted,

Marcus Vaden
Arkansas Bar No. 89126
P.O. Box 203
Conway, AR 72033
(501) 329-8723
mvaden@marcusvaden.com

*ATTORNEY FOR CHARLEY LITTLETON, PLAINTIFF*